**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Leon Haynie, | No. CV-25-00668-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| TransUnion LLC, | |
| Defendant. | |

Before the Court is pro se Plaintiff Howard Leon Haynie's Complaint alleging violations of the Fair Credit Reporting Act (FCRA) (Doc. 1). Plaintiff also filed a Renewed Application to Proceed In District Court Without Prepaying Fees or Costs ("Renewed Application") (Doc. 9). The Court will grant the Renewed Application and order Defendant TransUnion LLC to answer Counts One, Two, Three, Six, and Seven of Plaintiff's Complaint.

## I.      Renewed Application to Proceed In District Court Without Prepaying Fees and Costs

Plaintiff filed his first Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) at the same time he filed his Complaint. The Court found the numbers contained in the first Application were inaccurate, and the information was inconsistent with the information contained in his applications in other cases. *See* Doc. 8. The Court gave Plaintiff 30 days to either file a renewed application or pay the filing and administrative fees. *Id.*

///

Plaintiff filed his Renewed Application on February 21, 2026. Doc. 9. Though there are still some inconsistencies (e.g., he now lists no expenses other than car insurance and maintenance to others), the Court is satisfied that Plaintiff, who has consistently stated he is unemployed and homeless, has insufficient funds to pay the filing fee. Good cause appearing, the Court will grant the Renewed Application.

## II.     Statutory Screening of In Forma Pauperis Complaints

Under 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court must screen the Complaint and dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a complaint has stated a claim, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.    Analysis

Plaintiff brings seven counts for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, against Defendant. *See* Doc. 1 (bringing counts under §§ 1681e(b), 1681i, 1681c-2, 1681b, 1681g, 1681n, and 1681o). Plaintiff alleges he was the victim of identity fraud in 2018 when a fraudulent account was opened in Plaintiff's name without his authorization. *Id.* at 1, 3. The account later went delinquent, damaging Plaintiff's credit. *Id.* at 3. Plaintiff discovered the fraudulent account and began disputing

it in 2023. *Id.* In 2024, Plaintiff filed a formal dispute regarding the reporting of the account with the Consumer Financial Protection Bureau (CFPB), and Defendant received notice from the CFPB. *Id.* In 2025, Plaintiff gave written notice of the fraudulent account to Defendant twice more, but he received no response. *Id.* Plaintiff alleges Defendant failed to conduct a reasonable investigation as required by the FCRA and verified the account on an improper basis. *Id.* at 3–4.

The FCRA was adopted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681. Accordingly, the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b). If a consumer disputes the accuracy of his report, the reporting agency is required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." §1681i(a)(1)(A). The agency is then required to report the results of the reinvestigation to the consumer within five business days of the conclusion of the reinvestigation. §1681i(a)(6)(A). Further, "a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." § 1681c-2(a). The FCRA imposes civil liability for willful or negligent failure to comply with any of its requirements. *See* §§ 1681n, 1681o.

Liberally construed, Plaintiff has stated a claim for violations of 15 U.S.C. § 1681e(b) for failure to follow reasonable procedures to assure maximum possible accuracy; § 1681i(a) for failure to reinvestigate disputed information; and § 1681c-2 for failure to block information resulting from identity theft. Plaintiff alleges Defendant was willful under § 1681n and/or negligent under § 1681o in ignoring his notifications regarding the identity theft and failing to correct his information.

Plaintiff also alleges violations of § 1681b for unauthorized use of consumer reports and § 1681g for failure to provide full disclosure. Plaintiff does not allege that Defendant furnished his consumer report to an improper party or under improper circumstances. *See generally* Doc. 1. Accordingly, Plaintiff has not stated a claim under § 1681b. *See* § 1681b (establishing circumstances under which a consumer reporting agency may furnish a consumer report). Further, § 1681g(a) requires a consumer reporting agency to "upon request . . . clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request" and the source of such information. Plaintiff does not allege that he requested this information from Defendant, nor that Defendant failed to provide him with the information contained in his file. *See* Doc. 1 at 6–7. Plaintiff's allegations are related to the accuracy of the information contained in his account and Defendant's failure to address the reported identity theft. Accordingly, Plaintiff also fails to state a claim under § 1681g.

**IV.    Warnings**

For the foregoing reasons, the Court will order Defendant to answer Counts One, Two, Three, Six, and Seven of the Complaint. The Court will dismiss Counts Four and Five for failure to state a claim. Because Plaintiff may be able to state a claim with the allegation of additional facts, the Court will dismiss these counts without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). Plaintiff has leave to file an amended complaint by March 12, 2026, but he is not required to do so in order to proceed with the counts that survived screening. The Court warns Plaintiff that if he chooses to amend his Complaint, the amended complaint will supersede the original Complaint, and the Court will treat the original Complaint as nonexistent. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff fails to timely comply with every provision of this Order, including this warning, the Court may dismiss this action without further notice. *See Bonzelet*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of

the Court).

**V.    Order**

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Renewed Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 9) is **granted**.

2.  Counts Four and Five are **dismissed** without prejudice. If Plaintiff choses to file an amended complaint, he may do so on or before **March 12, 2026**.

3.  Defendant **must respond** to Counts One, Two, Three, Six, and Seven of the Complaint.

4.  The Clerk of Court is directed to send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both the Summons and request for waiver.

5.  Plaintiff is directed to provide service of the Summons, the Complaint, and this Order on Defendant or obtain waiver of service under Federal Rule of Civil Procedure 4(d). If Plaintiff does not either obtain waiver of service of the Summons or complete service of the Summons, Complaint, and this Order on Defendant within **60 days** of the date of this Order, this action may be dismissed. *See* L.R. Civ 16.2(b)(2)(B)(ii).

Dated this 24th day of February, 2026.

John C. Hinderaker
United States District Judge